**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
July 19, 2011

Lyle W. Cayce
Clerk

No. 10-30043

JETE CROSBY,

Plaintiff - Appellant

v.

LOUISIANA HEALTH SERVICE AND INDEMNITY COMPANY, doing
business as Blue Cross and Blue Shield of Louisiana,

Defendant - Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before DeMOSS, BENAVIDES, and ELROD, Circuit Judges.

Harold R. DeMoss, Jr.:

The petition for rehearing en banc is denied. We, however, withdraw our previous opinion in this matter, *Crosby v. Louisiana Health Service and Indemnity Company*, 629 F.3d 457 (5th Cir. 2010), and substitute the following opinion.

Appellant Jete Crosby appeals the district court's summary judgment on her Employee Retirement Income Security Act of 1974 (ERISA) claim to recover denied health care benefits and the magistrate judge's decision to limit discovery. The challenges raised by Crosby require us to determine the scope of admissible evidence and permissible discovery in an ERISA action to recover

No. 10-30043

benefits under 29 U.S.C. § 1132(a)(1)(B).  Because the court too narrowly defined the scope of discovery, we vacate the judgment and remand for further discovery.

## I.

Crosby was insured in 2006 under the Blue$aver Group High-Deductible Health Benefit Plan (the Plan) issued by Louisiana Health Service and Indemnity Company (Blue Cross).  The Plan was an employee benefit plan governed by ERISA.  In late 2006, Crosby's periodontists diagnosed her with severe idiopathic root resorption, which placed her at risk for losing her teeth.  Her periodontists performed several procedures to prevent the loss of her ability to chew, speak, and swallow.  Crosby sought benefits under the Plan to cover the costs of the procedures.

Blue Cross denied coverage, and Crosby internally appealed the adverse benefit determination in accordance with the Plan.  Crosby's first appeal was assigned to Dr. Dwight Brower for review.  Dr. Brower considered the appeal and upheld the adverse benefit determination. He found that the Plan's "Dental Care and Treatment" provision excluded from coverage the services performed by the periodontists.  Blue Cross informed Crosby of Dr. Brower's decision, and Crosby requested a second internal appeal.

Crosby's second appeal was presented to an appeals committee that included Dr. Brower. The appeals committee arrived at the same result reached by Dr. Brower.

Crosby then filed suit against Blue Cross, seeking to recover wrongfully denied benefits.  The parties exchanged their initial disclosures, and Blue Cross sent Crosby a copy of the administrative record.  Crosby later sought additional discovery.  Blue Cross objected to her discovery requests, asserting that the scope of discovery was limited to the administrative record and moved for summary judgment.  Days later Crosby moved to compel discovery, and the district court set Crosby's motion for hearing before a magistrate judge.

No. 10-30043

The magistrate conducted a hearing and indicated that she would compel some discovery. However, in her written order, she denied all requested relief. Three days later the district court, interpreting Crosby's claim as a claim for benefits under 29 U.S.C. § 1132(a)(1)(B), granted summary judgment for Blue Cross.

Thereafter, Crosby filed a motion asking the district court to reconsider and vacate its judgment. In her motion and at the hearing on the motion, Crosby complained about the lack of discovery she received and the magistrate's decision to deny discovery. She also argued that issues of fact remained and that summary judgment should not have been granted. The district court denied her motion, and Crosby appealed.

## II.

On appeal Crosby argues that the district court erred in granting summary judgment in favor of Blue Cross because the evidence in the record indicates that Blue Cross violated ERISA's procedural requirements and abused its discretion by denying Crosby's claim for benefits. She also argues that the magistrate judge erred by refusing to compel Crosby's requested discovery. We will first consider Crosby's complaint that discovery was wrongfully denied.

A court's decision to limit discovery is reviewed for abuse of discretion. *Fielding v. Hubert Burda Media, Inc.*, 415 F.3d 419, 428 (5th Cir. 2005). Although a court is afforded broad discretion when deciding discovery matters, the court abuses its discretion when its decision is based on an erroneous view of the law. *See Paz v. Brush Engineered Materials, Inc.*, 555 F.3d 383, 387 (5th Cir. 2009); *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 499 (5th Cir. 1985). Notwithstanding, we will only vacate a court's judgment if the court's abuse of discretion affected the substantial rights of the appellant. *Marathon Fin. Ins., Inc., RRG v. Ford Motor Co.*, 591 F.3d 458, 469 (5th Cir. 2009). The appellant

3

No. 10-30043

bears the burden of proving abuse of discretion and prejudice. *Id.*; *see Fielding*, 415 F.3d at 428.

Under this standard, we will review Crosby's complaint that the magistrate judge wrongfully limited discovery.[1]

### III.

Generally, the scope of discovery is broad and permits the discovery of "any nonprivileged matter that is relevant to any party's claim or defense." FED. R. CIV. P. 26(b)(1); *see Wyatt v. Kaplan*, 686 F.2d 276, 283 (5th Cir. 1982). A discovery request is relevant when the request seeks admissible evidence or "is reasonably calculated to lead to the discovery of admissible evidence." *Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 820 (5th Cir. 2004) (citation and internal marks omitted); *see Murphy v. Deloitte & Touche Group Ins. Plan*, 619 F.3d 1151, 1157, 1162 (10th Cir. 2010) (applying Rule 26(b)(1) discovery rules in an ERISA action).

Before the district court, Crosby sought discovery concerning the compilation of the administrative record, the proceedings at the administrative level, and Blue Cross's past coverage determinations in situations that involved the jaw, teeth, and mouth. Blue Cross admitted that the information sought was likely relevant. However, it refused to produce the requested information, essentially arguing that although relevant, the information sought would be inadmissible. Relying on our opinion in *Vega v. National Life Insurance Services, Inc.*[2] and its progeny, *Estate of Bratton v. National Union Fire*

---

[1] Generally, this court is without jurisdiction to review a magistrate judge's decision to deny discovery because the decision is not a final order under 28 U.S.C. § 1291. *See Alpine View Co. v. Atlas Copco AB*, 205 F.3d 208, 219-20 (5th Cir. 2000). However, because Crosby timely challenged the court's discovery denial in her motion for reconsideration and the district court denied the motion, we have jurisdiction to consider the magistrate's discovery denial. *See id.* at 220.

[2] 188 F.3d 287 (5th Cir. 1999) (en banc), *abrogated on other grounds by Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105 (2008), *as recognized in Holland v. Int'l Paper Co. Ret. Plan*, 576

No. 10-30043

*Insurance Company*,[3] Blue Cross concluded that the only admissible evidence in an ERISA action was 1) the administrative record; 2) evidence involving the interpretation of the Plan; and 3) evidence explaining medical terms and procedures.

The magistrate judge agreed and found that *Vega* limited the scope of admissible evidence and thus limited the scope of discovery to evidence of how the administrator interpreted the plan in other instances and expert opinions explaining medical terms. The court denied Crosby's motion to compel, concluding that it would be "difficult to conceive how permitting the requested responses to [Crosby's] discovery requests would lead to the discovery of evidence admissible within the restrictive boundaries identified in *Vega*, either because it interprets the plan or explains medical terms and procedures relating to the claim."

We will first consider what limits *Vega* placed on the scope of admissible evidence in ERISA actions under 29 U.S.C. § 1132(a)(1)(B). In *Vega*, the insureds sought coverage for Vilma Vega's surgery. *See Vega*, 188 F.3d at 289. The insurer denied coverage on the basis that Vilma Vega had notice of her need for surgery prior to the time she applied for plan membership and failed to disclose it. *Id.* at 290. Vilma Vega and her husband filed suit and sought to introduce evidence contradicting the plan administrator's determination that Vilma Vega contemplated surgery before applying for membership. *Id.* The district court granted judgment in favor of the insurer, refusing to consider evidence that was not made available to the plan administrator. *Id.*

On appeal, our en banc court considered whether the district court correctly refused to consider evidence that was not a part of the administrative

---

F.3d 240, 247 n.3 (5th Cir. 2009).

[3] 215 F.3d 516 (5th Cir. 2000).

5

record when evaluating whether the plan administrator abused its discretion. *See id.* at 299-300. We reaffirmed our precedent holding that "with respect to material factual determinations—those that resolve factual controversies related to the merits of the claim—the court may not consider evidence that [was] not part of the administrative record" unless the evidence relates to how the administrator had interpreted the plan in the past or would assist the court in understanding medical terms and procedures. *Id.* at 299-300. We arrived at this conclusion after articulating our concern that a holding to the contrary would allow claimants to circumvent the administrative process by waiting until they filed suit to produce evidence that related to the merits of their claim for benefits. *Id.* That was precisely what the Vegas sought to do. *Id.* at 290, 299-300. We found that the issue in dispute before the administrator was whether Vilma Vega had notice of her condition before she applied for plan membership. *Id.* at 299. The evidence the Vegas sought to introduce related to that dispute, and the Vegas could have presented that evidence to the plan administrator. *Id.* at 299-300. Accordingly, we affirmed the district court's refusal to admit the evidence. *Id.* at 300.

We find that *Vega* prohibits the admission of evidence to resolve the merits of the coverage determination—i.e. whether coverage should have been afforded under the plan—unless the evidence is in the administrative record, relates to how the administrator has interpreted the plan in the past, or would assist the court in understanding medical terms and procedures. *See id.* at 299-300. A plan participant is not entitled to a second chance to produce evidence demonstrating that coverage should be afforded. *See id.* *Vega* does not, however, prohibit the admission of evidence to resolve other questions that may be raised in an ERISA action. For example, in an ERISA action under 29 U.S.C. § 1132(a)(1)(B), a claimant may question the completeness of the administrative

record;[4] whether the plan administrator complied with ERISA's procedural regulations;[5] and the existence and extent of a conflict of interest created by a plan administrator's dual role in making benefits determinations and funding the plan.[6] These issues are distinct from the question of whether coverage should have been afforded under the plan. We see no reason to limit the admissibility of evidence on these matters to that contained in the administrative record, in part, because we can envision situations where evidence resolving these disputes may not be contained in the administrative record. *Accord Murphy*, 619 F.3d at 1158 & n.2.; *Wildbur v. ARCO Chem. Co.*, 974 F.2d 631, 638-39 (5th Cir. 1992). A discovery request for such information may be relevant and thus permissible under federal discovery rules. *See Wiwa*, 392 F.3d at 820.

Here, Crosby sought to discover evidence that would indicate whether the administrative record was complete, whether Blue Cross complied with ERISA's procedural requirements, and whether Blue Cross had previously afforded coverage for claims related to the jaw, teeth, or mouth. Her discovery request was at least reasonably calculated to lead to the discovery of some admissible evidence. The magistrate judge, however, denied Crosby's motion based on an erroneous view of the scope of admissible and discoverable evidence in ERISA actions. That abuse of discretion prejudiced Crosby's ability to demonstrate that Blue Cross failed to comply with ERISA's procedural requirements, that the

---

[4] *Estate of Bratton*, 215 F.3d at 521 (indicating that a claimant may contest whether the identified administrative record is complete).

[5] *Lafleur v. La. Health Serv. & Indem. Co.*, 563 F.3d 148, 150 (5th Cir. 2009) (remanding the case to the district court to further remand to the plan administrator because the plan administrator failed to comply with ERISA's procedural requirements).

[6] *Metro. Life Ins. Co. v. Glenn*, 554 U.S. 105, 117 (2008) (defining conflict of interest as a factor for the court to consider when evaluating whether the plan administrator abused its discretion).

administrative record compiled by Blue Cross failed to contain all relevant information made available to Blue Cross prior to the filing of this suit, and that Blue Cross had afforded coverage in similar situations. For these reasons, we vacate the judgment in this action and remand for further discovery.

We further provide a few words of caution when applying the standards we articulated today. Because our review of an ERISA benefits determination is essentially analogous to a review of an administrative agency decision, district courts must monitor discovery closely. *See Doe v. Blue Cross & Blue Shield United of Wis.*, 112 F.3d 869, 875 (7th Cir. 1997) ("Like a suit to challenge an administrative decision, a suit under ERISA is a review proceeding, not an evidentiary proceeding."). ERISA plan administrators are permitted to exercise broad discretion, which the statute confirms by strictly limiting the scope of judicial review. For federal courts to engage in "full review of the motivations behind every plan administrator's discretionary decisions" would "move toward a costly system in which Article III courts conduct wholesale reevaluations of ERISA claims" and would seriously undermine ERISA's goal of resolving claims efficiently and inexpensively. *Semien v. Life Ins. Co. of N. Am.*, 436 F.3d 805, 814-15 (7th Cir. 2006). Accordingly, district courts must be mindful of the limitations placed on the frequency and extent of discovery under the federal rules, particularly Rule 26(b). For instance, a district court must limit otherwise permissible discovery if it determines that "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." FED. R. CIV. P. 26(b)(2)(C)(iii); *see Murphy*, 619 F.3d at 1163 (holding that all discovery, including discovery in ERISA matters, "is limited by Rule 26(b)(2), which protects against, *inter alia*, overly burdensome discovery requests, discovery of cumulative materials, and overly costly discovery

requests"). Rule 26(b) "has never been a license to engage in an unwieldy, burdensome, and speculative fishing expedition." *Murphy*, 619 F.3d at 1163. We trust that district courts will guard against abusive discovery.

We decline to address at this time whether Blue Cross complied with ERISA's procedural requirements, whether Blue Cross abused its discretion, and whether the administrative record is complete. Following adequate discovery consistent with this opinion, the parties may raise these issues before the district court. The mandate shall issue forthwith.

**VACATE and REMAND.**