# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
January 27, 2012

Lyle W. Cayce
Clerk

No. 10-40577
Summary Calendar

THOMAS JEFFREY STONE,

Plaintiff-Appellant

v.

DENNIS K. BLEVINS; MICHAEL SIZEMORE; DANFORD L. TAYLOR; ALVIN
L. HAAK; LASHOWEN D. JOHNSON; LURENZA W. HUTCHISON; KAREN
SEXTON; DAVID FORTNER; KELLY MAXWELL; VERNALEA MCDANIEL;
CAROL MARIE CLARK,

Defendants-Appellees

Appeal from the United States District Court
for the Eastern District of Texas
USDC No. 6:08-CV-217

Before JONES, Chief Judge, and PRADO and ELROD, Circuit Judges.

PER CURIAM:[*]

Thomas Jeffrey Stone, Texas prisoner # 671904, has appealed the
magistrate judge's order granting the motion for summary judgment and
dismissing on grounds of qualified immunity his denial-of-medical-care claims
against physician's assistant, David Fortner, and triage nurses, Vernalea

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

McDaniel and Carol Marie Clark. His complaint is that the defendants delayed in treating his serious eye disease, and that he is blind in one eye as a result.

Stone cannot show on the basis of the summary judgment evidence that Fortner, McDaniel, and Clark were deliberately indifferent to his eye condition. At most, the evidence shows that the defendants were negligent or grossly negligent, not that their actions were subjectively reckless. *See Easter v. Powell*, 467 F.3d 459, 464 (5th Cir. 2006); *Eason v. Thaler*, 73 F.3d 1322, 1329 (5th Cir. 1996). The magistrate judge's order granting the motion for summary judgment of Fortner, McDaniel, and Clark is AFFIRMED.

Stone has also appealed the magistrate judge's judgment dismissing following a jury trial his use-of-force claims against corrections officer, Danford L. Taylor. Stone complains that the magistrate judge abused his discretion in limiting discovery of and excluding from evidence an unredacted version of an investigatory report and in limiting discovery of and excluding from evidence facts contained in Taylor's disciplinary file and facts related to grievances filed against Taylor with respect to other use-of-force incidents.

The record reflects that most of the redactions from the investigatory report pertained to a polygraph examination and identifying data. Stone has not challenged the magistrate judge's ruling that evidence of those matters was inadmissible. The magistrate judge examined the unredacted investigatory report in camera, and he permitted Stone to elicit relevant evidence of a witness' statement that had been redacted from the report. Evidence of other use-of-force incidents and grievances filed against Taylor was not admissible to show Taylor's propensity for violence, as Stone contends, and, to the extent that the evidence was offered to show motive or intent, it was properly excluded because its probative value was outweighed by its inherent prejudice. *See United States v. Krezdorn*, 639 F.2d 1327, 1332 (5th Cir. Unit A 1981); *United States v. Beechum*, 582 F.2d 898, 910-11 (5th Cir. 1978) (en banc). Stone has not shown that his substantial rights were affected by any error on the part of the

magistrate judge in limiting discovery of and excluding the evidence of the investigatory report and the unrelated use-of-force incidents and grievances. *See Crosby v. Louisiana Health Service and Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011); *Becker v. Tidewater, Inc.*, 586 F.3d 358, 368 n.7 (5th Cir. 2009).

Stone complains also that the magistrate judge abused his discretion in refusing to permit him to call as witnesses officer John Vanderwerff, retinal specialist, Dr. Erik Van Kuijk, and seven inmate fact witnesses. Because error was not preserved with respect to the magistrate judge's rulings regarding officer Vanderwerff, we review those rulings for plain error. *See Wright v. Ford Motor Co.*, 508 F.3d 263, 272 (5th Cir. 2007). Stone cannot show that the district court committed reversible plain error in excluding Vanderwerff's testimony as cumulative. *See id.* Stone has not shown that the magistrate judge abused his discretion in excluding Van Kuijk's testimony and the testimony of the inmate fact witnesses as cumulative. *See Becker*, 586 F.3d at 368 n.7. Nor has he shown that his substantial rights were affected by the magistrate judge's rulings. *See id.* The magistrate judge's judgment dismissing Stone's use-of-force claim against Taylor is AFFIRMED.