# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 13-60312
Summary calendar

United States Court of Appeals
Fifth Circuit

**FILED**

January 15, 2014

Lyle W. Cayce
Clerk

ERIC CHATMAN, JR., a minor, by and through his natural mother Audrey Chatman,

Plaintiff-Appellant

v.

MISSISSIPPI HIGH SCHOOL ATHLETICS ASSOCIATION; GULFPORT SCHOOL DISTRICT; HOWARD MCNEILL, in his individual capacity and his official capacity as Athletic Director for GSD,

Defendants-Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:11-CV-395

Before REAVLEY, JONES, and PRADO, Circuit Judges.

PER CURIAM:*

Eric Chatman, Jr. brought this suit by and through his mother, alleging *inter alia* claims under the Equal Protection Clause and 42 U.S.C. §§ 1981 and 1983 for racial discrimination in the application of rules for high school athletic

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 13-60312

eligibility when a student transfers from one school district to another.[1]  Those rules provide that, absent special circumstances, a transferring student who does not make a bona fide change in residence must sit out one year of athletic eligibility at his new school.  When Chatman transferred from Gulfport High School to St. Stanislaus after his sophomore year, the defendant Mississippi High School Athletics Association determined that he was ineligible to play sports at St. Stanislaus because he did not change his residence.  Chatman appeals the district court's grant of summary judgment to the defendants after concluding that Chatman failed to show a discriminatory purpose or intent in the application of the rules.  Reviewing the record *de novo*, *see, e.g., Floyd v. Amite Cnty. Sch. Dist.*, 581 F.3d 244, 247 (5th Cir. 2009), we AFFIRM for essentially the same reasons given by the district court.

Now proceeding *pro se*, Chatman concedes that he was ineligible under the rules after his transfer, but he argues that the defendants investigate and treat the eligibility of white students differently from black students.  He argues that several white students were permitted to participate in athletics after transfers even though they did not make a bona fide move, but that he was not similarly allowed to participate in sports.  We agree with the district court that Chatman fails to show that the defendants acted with the requisite discriminatory purpose or intent.  *See Arguello v. Conoco, Inc.*, 330 F.3d 355, 358 (5th Cir. 2003) (holding that a claim under 42 U.S.C. § 1981 requires showing that the defendant had an intent to discriminate); *United States v. Crew*, 916 F.2d 980, 984 (5th Cir. 1990) (holding that a claim under the Equal Protection Clause requires a plaintiff to establish a discriminatory intent or purpose).

---

[1] Since the filing of the lawsuit Chatman as attained the age of majority.

Chatman does not address in his brief the district court's finding that the defendants were unaware of Chatman's race at the time of the eligibility determination.  That issue is therefore deemed abandoned.  *See Yohey v. Collins*, 985 F.2d 222, 224–25 (5th Cir. 1993).  Moreover, Chatman fails to show that the white students who were allegedly permitted to participate in sports were similarly situated to him.  *See Priester v. Lowndes Cnty.*, 354 F.3d 414, 424 (5th Cir. 2004).  As noted by the district court, unlike Chatman, several students who were allegedly assisted by defendant Howard McNeill were transferring to the Gulfport School District, where McNeill was the athletic director, rather than from that district.  Those students were not similarly situated to Chatman.  Chatman argues that two white students transferred from Gulfport to St. Stanislaus, as he did, but were not required to sit out for a year.  In the district court, Chatman relied on his mother's affidavit averring that those students did not make a bona fide move, and he asserts conclusionally on appeal that they were identically situated to him.  There is nothing in the record, however, from which to evaluate the circumstances of those students' transfers or to determine whether they were in fact similarly situated to Chatman.  Chatman fails to show a genuine issue of material fact. *See Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc) (a non-movant may not defeat summary judgment "by conclusory allegations, by unsubstantiated assertions, or by only a scintilla of evidence").

Chatman also argues that the district court erroneously denied his motion to terminate his counsel and his motion to extend the discovery deadline.  The motion to terminate was filed by Chatman's mother, who was seeking to either represent her son pro se or obtain different counsel.  But with limited exceptions not applicable here, a pro se, non-lawyer parent or guardian may not represent the interests of her minor child.  *See Myers v. Loudon Cnty. Pub. Schs.*, 418 F.3d 395, 401 (4th Cir. 2005); *see also Aduddle v. Body*, 277 F.

No. 13-60312

App'x 459, 462 (5th Cir. 2008).  Moreover, at the hearing on the motions, the district court suggested after extended discussion with the parties that it would be in the best interests of Chatman to have his current counsel continue with the representation since the defendants had a motion for summary judgment pending.  Neither Chatman, Chatman's mother, nor counsel raised an objection.  The court then ordered that the discovery deadline be extended for Chatman's counsel to conduct three depositions that had been sought before the motion to terminate was filed.  Under the circumstances here, there was no abuse of discretion either in the district court's denial of the motion to terminate counsel or its handling of the discovery deadline.  *See, e.g., Matter of Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (district court's ruling on withdrawal of counsel is reviewed for an abuse of discretion); *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 260 (5th Cir. 2011) (discovery rulings subject to abuse of discretion review).

AFFIRMED.