# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 28, 2017

Lyle W. Cayce
Clerk

No. 17-30089
Summary Calendar

ELIZABETH SEWELL, wife of; WILLIAM SEWELL; JAMES FENNER; BETH DUESSING, wife of; GEORGE DUESSING;  ET AL,

Plaintiffs–Appellees,

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Third Party Plaintiff–Appellant,

v.

BOH BROTHERS CONSTRUCTION COMPANY, L.L.C.; CAJUN INDUSTRIES, L.L.C.; CAJUN CONSTRUCTORS, L.L.C.; B&K CONSTRUCTION COMPANY, L.L.C.; LINFIELD, HUNTER AND JUNIUS, INCORPORATED; BLUE IRON FOUNDATION AND SHORING, L.L.C.; JAY DISPOSAL, INCORPORATED; LEXINGTON INSURANCE COMPANY; RSUI INDEMNITY COMPANY; ARCH INSURANCE GROUP, improperly named Arch Insurance Company; BRIDGEFIELD CASUALTY INSURANCE COMPANY; CANAL INDEMNITY INSURANCE; BARRIERE CONSTRUCTION COMPANY, L.L.C.; AMERICAN GUARANTEE & LIABILITY INSURANCE COMPANY; HALLMARK SPECIALTY INSURANCE COMPANY, improperly named Hallmark Specialty Insurance; BELLA TRUCK SERVICE, INCORPORATED, also known as Jay Trucks Service, Incorporated,

Third Party Defendants–Appellees.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

LEON GREENBLATT,

Plaintiff–Appellee,

No. 17-30089

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ANNE LOWENBURG; JUDITH LOWENBURG, wife of/and; TOM LOWENBURG; SARAH LOWMAN; JACK STOLIER; WILLIAM B. TAYLOR, III, M.D.; BARBARA WEST; NANETTE COLOMB; ANA KURT, Wife of; CHARLOTTE LINK, Wife of; PARKE ELLIS; JERRY OSBORNE; NANCY ELLIS, Wife of; MARK KURT; ROBERT LINK;  JOSEPHINE S. BROWN, M.D.; LAURIE MCDIARMID, Wife of; ROSS MCDIARMID; MARK HAMRICK,

Plaintiffs–Appellees,

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ARIYAN, INCORPORATED, doing business as Discount Corner,

Plaintiff–Appellee,

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

AMERICAN INSURANCE COMPANY,

Plaintiff–Appellee,

v.

2

No. 17-30089

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

K&B LOUISIANA CORPORATION, doing business as Rite Aid Corporation,

Plaintiff–Appellee,

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

M. LANGENSTEIN & SONS, INCORPORATED; PRYTANIA LIQUOR
STORE, INCORPORATED; WEST PRYTANIA, INCORPORATED, doing
business as Prytania Mail Service; BARBARA H. WEST; FINE ARTS
MANAGEMENT, L.L.C., doing business as Prytania Theatre; PASCAL'S
MANALE RESTAURANT, INCORPORATED; SUPERIOR SEAFOOD &
OYSTER BAR, L.L.C.; SUPERIOR BAR & GRILL, INCORPORATED;
FRESH MARKET, INCORPORATED; BRITISH ANTIQUES, L.L.C.;
BENNETT POWELL; MAGIC BOX, LIMITED; DAT DOG ENTERPRISES,
L.L.C.; DAT DOG PROPERTIES, L.L.C.,

Plaintiffs–Appellees,

v.

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

ELIZABETH CASEY; THOMAS CASEY,

Plaintiffs–Appellees,

v.

No. 17-30089

SEWERAGE AND WATER BOARD OF NEW ORLEANS,

Defendant–Appellant.

---

Appeal from the United States District Court
for the Eastern District of Louisiana
USDC No. 2:15-CV-3117

---

Before REAVLEY, PRADO, and GRAVES, Circuit Judges.

PER CURIAM:*

This case arises out of the Southeast Louisiana ("SELA") Drainage Project, a federally funded enterprise cosponsored by the Sewerage and Water Board of New Orleans ("SWB") and the United States Army Corps of Engineers ("Corps"). The SELA Project involves extensive construction at multiple sites in Southeast Louisiana and is intended to improve flood control and drainage in these areas. The instant case involves eight consolidated lawsuits implicating seven phases of the SELA Project in Uptown New Orleans, where the Plaintiffs own of homes and businesses. Each Plaintiff sued SWB alleging various forms of damage resulting from the construction. SWB then filed third-party claims against three contractors who were selected to construct SELA projects in Uptown New Orleans: B&K Construction Company, LLC; Boh Bros. Construction Company, LLC; and Cajun Constructors, LLC (collectively, the "Contractors"). The Contractors removed to federal court pursuant to the federal officer removal statute. *See* 28 U.S.C. § 1442(a)(1).

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 17-30089

In September 2016, the Contractors moved for summary judgment, raising government contractor immunity as a defense to all remaining claims. The district court heard oral argument on the Contractors' motions for summary judgment on September 28, 2016. At that time, the district court "believed the Contractors had established their immunity defense, at least in part, on six of the [SELA Project] phases and, in whole, on the seventh phase." Nevertheless, pursuant to SWB's motion under Federal Rule of Procedure 56(d) and in the interest of fairness, the district court granted SWB an additional thirty days of discovery "to persuade the Court that there . . . exist[s] a genuine dispute of fact concerning the second and third prongs of the *Boyle* test." SWB was unable to convince the court, however, and in December 2016, the district court granted summary judgment in favor of the Contractors on the basis of government contractor immunity. On January 5, 2017, the district court issued an order declining to exercise supplemental jurisdiction over the state law claims remaining in the litigation and remanding the case to state court. This appeal followed.[1]

"We review a summary judgment *de novo*, 'using the same standard as that employed by the district court under Rule 56.'" *In re Katrina Canal Breaches Litig.*, 620 F.3d 455, 459 (5th Cir. 2010) (quoting *Kerstetter v. Pac. Sci. Co.*, 210 F.3d 431, 435 (5th Cir. 2000)). Summary judgment is appropriate "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). We use an abuse of discretion standard, however, when reviewing a district court's discovery-related rulings, such as a denial of a Rule 56(d) motion or a decision to limit discovery. *Fed. Ins. Co. v. Singing River Health Sys.*, 850 F.3d

---

[1] Cases removed pursuant to 28 U.S.C. § 1442 are expressly excepted from the general rule that a remand order is not reviewable on appeal. *See* 28 U.S.C. § 1447(d).

187, 194 (5th Cir. 2017); *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011); *see also* Fed R. Civ. P. 56(d) (allowing a court to defer a motion or grant additional discovery when the movant can show, "by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition").

Contractors hired by the federal government are shielded from liability subject to certain conditions. This defense is "derived from the government's immunity from suit where the performance of a discretionary function is at issue." *Kerstetter*, 210 F.3d at 435 (citing *Boyle v. United Techs. Corp.*, 487 U.S. 500, 511 (1988)). To establish government contractor immunity, a contractor must meet the test set out by the U.S. Supreme Court in *Boyle*: "(1) the government must have approved 'reasonably precise' specifications; (2) the equipment must have conformed to these specifications; and (3) the supplier/contractor must have warned of those equipment dangers that were known to the supplier/contractor, but not to the government." *Id.* (citing *Boyle*, 487 U.S. at 512). Although this appeal is nominally about whether the district court erred in applying government contractor immunity, SWB's argument on appeal relates mainly to discovery. Specifically, SWB argues that its due process rights were violated by the brevity of the pre-trial discovery process, that the district court should have afforded it more time to conduct discovery pursuant to Rule 56(d), and that the district court's summary judgment ruling was premature in light of SWB's specific requests for further discovery.

The district court did not abuse its discretion in issuing or making its discovery rulings. This case was first removed to federal court on July 30, 2015. In January 2016, SWB declined to participate in a discovery conference with the Plaintiffs, contending that a conference would be premature. From April through August 2016, the magistrate and district court judges held a series of discovery scheduling and status conferences, eventually extending the

deadline for the Contractors' motions for summary judgment to September 6, 2016. Following oral argument on September 28, the district court granted SWB an additional thirty days to conduct discovery on the second and third prongs of the *Boyle* test.

It appears that the district court reasonably responded to SWB's discovery requests while also trying to move the case along and accommodate the numerous parties in the litigation. From the time the case was removed to federal court, SWB had fourteen months to conduct discovery relating to the Contractors' government contractor immunity defense. The district court ultimately made its summary judgment ruling with the benefit of hundreds of pages of detailed designs and specifications produced by the Corps regarding all of the SELA projects at issue, as well as the deposition testimony of John Fogarty, the Corps's resident engineer and administrative contracting officer. Even without addressing the Contractors' arguments that SWB was dilatory in performing discovery, we find that the district court did not abuse its discretion in setting discovery deadlines, nor did it rule prematurely.

Regarding the substantive issue of government contractor immunity, SWB only meaningfully challenges summary judgment on the first *Boyle* prong. "The first *Boyle* step requires that the government approved reasonably precise specifications. That entails both the existence of reasonably precise specifications and the approval of those specifications by the government." *In re Katrina*, 620 F.3d at 461. "The requirement that the specifications be precise means that the discretion over significant details and all critical design choices will be exercised by the government." *Trevino v. Gen. Dynamics Corp.*, 865 F.2d 1474, 1481 (5th Cir. 1989). While the "government need not prepare the specifications to be considered to have approved them," *Kerstetter*, 210 F.3d at 435, government approval requires more than a "rubber stamp"; the first *Boyle* prong requires "substantive review or evaluation" of the design specifications

by the government, *Trevino*, 865 F.2d at 1480. The crux of the first prong is that the contractor cannot have been delegated all discretionary design decisions and reap the benefit of the immunity defense. *See id.* at 1480–81; *In re Katrina*, 620 F.3d at 465 ("The relevant inquiry . . . is whether the Corps approved sufficiently *precise* specifications, such that it is evident that the government was the primary agent of decision over the compaction method.").

The district court did not err in determining that the plans and specifications for each construction feature implicated by the plaintiffs' claims were reasonably precise and approved by the government. According to the district court, the Corps "considered each offending feature and had in place specifications that effectively removed all critical design choices from the Contractors' discretion." The district court further determined that the Corps "meaningfully reviewed and approved the specifications prior to construction," a process that "typically began with a years-long design period, during which design firms retained by the government developed hundreds of pages of plans and specifications." And the Corps's involvement was such that the district court was convinced that the Corps "was the agent of decision on all critical features of the work." We agree that the government's level of participation and the specificity of the plans satisfies the first *Boyle* prong. SWB argues that the specifications lacked detail regarding the composition of materials on certain construction features, and that its own consultants' involvement in the design process indicates that the Corps "may have abdicated some or all of" the review of the specifications to SWB. We find these arguments meritless in light of the record evidence supporting the district court's decision. Accordingly, we affirm the district court's grant of summary judgment on the basis of government contractor immunity.

Lastly, "a federal district court has discretion to remand a properly removed case to state court when all federal-law claims have been eliminated

and only pendent state-law claims remain." *Jones v. Roadway Express, Inc.*, 936 F.2d 789, 792 (5th Cir. 1991). The district court thoughtfully expressed its reasoning for remanding the case, and the decision to remand was not an abuse of discretion.

We AFFIRM.