# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 18-20374

United States Court of Appeals
Fifth Circuit

**FILED**

May 12, 2020

Lyle W. Cayce
Clerk

BEVERLY HAWKINS,

      Plaintiff – Appellant,

v.

AT&T; SOUTHWESTERN BELL TELEPHONE COMPANY,

      Defendants – Appellees.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:15-CV-498

Before CLEMENT, ELROD, and DUNCAN, Circuit Judges.

PER CURIAM:[*]

Beverly Hawkins appeals the district court's grant of summary judgment in favor of AT&T on her employment discrimination and retaliation claims. She also challenges the district court's decisions limiting discovery. We affirm in part, reverse in part, and remand to allow for additional discovery.

I.

Beverly Hawkins worked for AT&T (formerly Southwestern Bell) as a sales/customer-service representative and, after injuring her shoulder, took a

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

leave of absence under the Family Medical Leave Act (FMLA). She claims that she was treated differently and subjected to harassment and hostile treatment by her managers after returning from leave.

Several months later, Hawkins missed work—with AT&T's permission—to attend a family-court hearing. AT&T subsequently placed her on probation for allegedly falsifying the family court's work-excuse note. Hawkins's attendance manager, Bridgette Ford, claimed that she thought the note looked like it had been altered and called the court clerk to verify its authenticity. According to Ford, the clerk told her that Hawkins had left court around lunchtime, not 5:00 PM, as the note states. Hawkins alleges, however, that AT&T discriminatorily placed her on probation because Ford misrepresented her conversation with the court clerk and because Ford never required younger employees to submit work excuses.

While on probation for this alleged falsification, Hawkins received two negative customer reviews. Hawkins's manager, Alonya Hutchinson, met with Hawkins to discuss these reviews. Shortly after the meeting, AT&T fired Hawkins per Hutchinson's recommendation.

Hawkins argues, however, that AT&T really fired her in retaliation for her taking medical leave and for her ongoing absences for physical therapy— both of which caused Hutchinson to lose commissions—and because of her age and disability. To that end, she filed a complaint in which she asserted five claims: (1) violation of the Age Discrimination in Employment Act (ADEA); (2) discrimination under the Americans with Disabilities Act (ADA); (3) retaliation under Title VII; (4) retaliation under the FMLA; and (5) harassment under the FMLA. AT&T moved for summary judgment. The district court granted it. Hawkins appeals.

No. 18-20374

II.

In addition to challenging the district court's grant of summary judgment in favor of AT&T on the merits, Hawkins also argues that the district court improperly denied some of her discovery requests. Because the discovery issue potentially impacts whether summary judgment was appropriate, we address it first.

A.

A district court's decision to limit discovery is reviewed for abuse of discretion, and a court abuses its discretion when a decision is based on an erroneous view of the law. *N. Cypress Med. Ctr. Operating Co. v. Aetna Life Ins. Co.*, 898 F.3d 461, 481 (5th Cir. 2018). The appellant bears the burden of proving abuse of discretion and must demonstrate prejudice resulting from the decision. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011).

B.

Hawkins points to four instances where the court denied discovery, denials that she believes amounted to an abuse of discretion.[1] First, she argues that it was imperative that she be allowed to depose the court clerk given the conflicting accounts of what was said about Hawkins's work excuse on the phone call between the clerk and Hawkins's manager. In a pretrial conference on January 12, 2016, Hawkins asked to take the clerk's deposition, but the district court said, "not yet." Information gleaned from the clerk, however, could have established a genuine dispute of material fact that Hawkins's manager lied about Hawkins's falsification of the work excuse, thereby denying

---

[1] AT&T contends that Hawkins forfeited her discovery argument by failing to request a continuance of discovery pursuant to Federal Rule of Civil Procedure 56(d). But Hawkins did file a request for additional discovery on August 10, 2016—the dispositive-motion deadline—and repeatedly requested more discovery in court hearings leading up to summary judgment.

AT&T the ability to rely on that violation as a good-faith reason for suspending Hawkins and then placing her on probation. And, according to Hawkins, had she not been on probation at the time she received the two negative reviews, she would not have been fired.

Second, on July 11, 2016, following Hutchinson's deposition on June 29, 2016, Hawkins asked for any grievances filed against Hutchinson and for Hutchinson's wage and commission information. The district court denied those requests. Hawkins says that obtaining grievances would have allowed her to contradict Hutchinson's testimony and to question her credibility, sensible goals when she is trying to challenge as pretextual Hutchinson's stated reasons for recommending her termination. And the wage and commission information could have shown that Hutchinson had a motive to fire Hawkins in retaliation for her commissions decreasing after Hawkins took FMLA leave.

Third, Hawkins stated that she never received complete employment files of her designated comparators from AT&T. According to her, AT&T did not produce discoverable evidence for the requested time period—2013 to 2015. Although the district court held a pretrial conference on the matter, it is unclear from the record before us whether Hawkins ultimately did receive the relevant comparator information or whether the district court improperly prevented her from identifying the comparators necessary to support her claims.

Finally, Hawkins points to the district court's denial of her last discovery request on August 10, 2016, the same day AT&T moved for summary judgment. In that request, she asked for performance evaluations and disciplinary actions for additional employees that received below-target scores. Such information might have revealed whether any of these additional employees received punishment for breaching the same Code of Conduct

provision that AT&T claims it fired Hawkins for violating. According to Hawkins, though, she did not know to request information on these new employees until after AT&T produced their scores on July 19, 2016, in response to the court's July 12 order.[2]

## III.

Although we recognize that a trial court's discovery ruling "should be reversed only in an 'unusual and exceptional case,'" this is such a case. *See N. Cypress*, 898 F.3d at 481 (quoting *O'Malley v. U.S. Fid. & Guar. Co.*, 776 F.2d 494, 499 (5th Cir. 1985)). The district court repeatedly denied several of Hawkins's requests for relevant discovery—discovery that could have helped her raise a genuine dispute of material fact on her discrimination and retaliation claims. *See Crosby*, 647 F.3d at 262 ("Generally, the scope of discovery is broad and permits the discovery of 'any nonprivileged matter that is relevant to any party's claim or defense.'" (quoting Fed. R. Civ. P. 26(b)(1))). That was an abuse of discretion, and Hawkins was prejudiced as a result. Because remand is necessary to correct the district court's error, we do not reach the merits of Hawkins's FMLA retaliation claim or ADA discrimination claim.

We do, however, affirm the district court on Hawkins's ADEA discrimination claim because she did not pursue that claim in her brief on appeal. *See Zeno v. Great Atl. & Pac. Tea Co.*, 803 F.2d 178, 181 (5th Cir. 1986) ("The normal rule in this Circuit provides that contentions not briefed are waived and will not be considered on appeal.").[3]

---

[2] In her request for additional discovery filed on August 10, 2016, Hawkins notes that she had previously reached out to AT&T via email on August 4 to request the desired information, in accordance with the district court's suggestion.

[3] As for Hawkins's two other claims—retaliation under Title VII and harassment under the FMLA—she did not defend them in her response to AT&T's motion for summary

No. 18-20374

IV.

For the foregoing reasons, we AFFIRM the district court's grant of summary judgment in favor of AT&T on Hawkins's ADEA discrimination claim, REVERSE the district court's grant of summary judgment in favor of AT&T on Hawkins's FMLA retaliation and ADA discrimination claims, and REMAND to allow Hawkins to conduct further discovery.

---

judgment and seemingly dropped them prior to this appeal. *See Vaughner v. Pulito*, 804 F.2d 873, 877 n.2 (5th Cir. 1986) ("If a party fails to assert a legal reason why summary judgment should not be granted, that ground is waived and cannot be considered or raised on appeal.").