# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

February 4, 2021

Lyle W. Cayce
Clerk

No. 19-20243
Summary Calendar

Donald Lempar,

*Plaintiff—Appellant*,

*versus*

Brad Livingston; Myra Walker; Guy Smith; Jamie
Williams; Ernestine Juyle,

*Defendants—Appellees*.

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:13-CV-706

Before Clement, Higginson, and Engelhardt, *Circuit Judges*.

Per Curiam:*

Donald Lempar, former Texas prisoner # 1284244, appeals the summary judgment dismissal of his 42 U.S.C. § 1983 complaint alleging retaliation by various prison officials. He contends that in response to his

---

* Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

filing of grievances, medical staff refused to update forms to show that he should not be assigned to work, advised other staff members not to medically unassign him, orchestrated his transfer to more dangerous prison units where he faced unhealthy conditions, used security staff to force him to comply with attempts to give him substandard care, and deprived him of pain medications after two hospital visits. In addition, Lempar maintains that some of the defendants denied him relief on his grievances or refused to consider grievances that he filed despite the clear evidence of retaliation alleged therein. We affirm.

We review the grant of summary judgment de novo, applying the same standards as the district court. *Austin v. Kroger Tex., L.P.*, 864 F.3d 326, 328 (5th Cir. 2017). "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). All facts and reasonable inferences must be construed in the light most favorable to the nonmovant, and the court must not weigh evidence or make credibility calls. *Deville v. Marcantel*, 567 F.3d 156, 163-64 (5th Cir. 2009). However, the nonmovant cannot satisfy his burden with "conclusory allegations," "unsubstantiated assertions," or "only a scintilla of evidence." *Duffie v. United States*, 600 F.3d 362, 371 (5th Cir. 2010) (internal quotation marks and citation omitted).

"To state a valid claim for retaliation under section 1983, a prisoner must allege (1) a specific constitutional right, (2) the defendant's intent to retaliate against the prisoner for his or her exercise of that right, (3) a retaliatory adverse act, and (4) causation." *Jones v. Greninger*, 188 F.3d 322, 324-25 (5th Cir. 1999). Retaliation claims are "regarded with skepticism," and a prisoner raising such a claim "must allege the violation of a specific constitutional right and be prepared to establish that but for the retaliatory motive the complained of incident . . . would not have occurred." *Woods v.*

*Smith*, 60 F.3d 1161, 1166 (5th Cir. 1995). "The inmate must produce direct evidence of motivation or, the more probable scenario, allege a chronology of events from which retaliation may plausibly be inferred." *Id.* (internal quotation marks and citation omitted).

Lempar's arguments are without merit. Our exhaustive review of the evidence presented in this case does not reflect a genuine dispute as to any material fact regarding whether the defendants intended to retaliate against Lempar based on his filing of prison grievances or whether the complained-of actions would not have occurred but for a retaliatory motive. *See Jones*, 188 F.3d at 324-25; *Woods*, 60 F.3d at 1166. With respect to some of the allegations of harm, he has not pointed to evidence showing that the named defendants were personally involved in the alleged adverse actions or that they directed those actions. *See Jones v. Lowndes Cty., Miss.*, 678 F.3d 344, 349 (5th Cir. 2012). To the extent that Lempar contends that "systemic failures" in the prison system should be attributable to the former director of the Texas Department of Criminal Justice, he comes forward with no evidence showing that this defendant personally participated in the actions that caused him harm and he has not identified an unconstitutional policy giving rise to a constitutional injury. *See Porter v. Epps*, 659 F.3d 440, 446 (5th Cir. 2011). There is no disputed fact question that, when resolved in Lempar's favor, rises to the level of retaliation. We therefore uphold the district court's grant of summary judgment in favor of the defendants. *See Austin*, 864 F.3d at 328; *Duffie*, 600 F.3d at 371; FED. R. CIV. P. 56(a).

Lempar also contends that the district court erred in denying his requests for discovery prior to ruling on the defendants' summary judgment motion. The defendants' motion asserted that they were entitled to qualified immunity, and the district court ultimately agreed. Although Federal Rule of Civil Procedure 26(b)(1) broadly permits discovery, this court has held that discovery should not be permitted when a qualified immunity defense is

pending.  *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Accordingly, the district court did not abuse its discretion in denying Lempar's requests for discovery.  *See Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011).

AFFIRMED.