# United States Court of Appeals
# for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

December 15, 2023

Lyle W. Cayce
Clerk

———————

No. 22-20474

———————

Deana Pollard Sacks,

*Plaintiff—Appellant*,

*versus*

Texas Southern University; Ahunanya Anga; James Douglas; Fernando Colon-Navarro; Ana Otero; April Walker,

*Defendants—Appellees*.

_____

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CV-3563

_____

Before Davis, Engelhardt, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Deana Sacks, a white woman, worked as a law professor at Texas Southern University's ("TSU") Thurgood Marshall School of Law from 2000 to 2020. While there, she alleges that she endured various forms of discrimination, including physical and verbal altercations, *see, e.g.*, **ROA.250**,

_____

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

retaliation for her EEOC complaints, *see* **ROA.284–87; ROA.1566–79**, and unequal pay, *see* **ROA.262–68.**

Sacks sued TSU and five of its faculty members. She raised five federal claims[†]: (1) Title VII sex discrimination, (2) Title VII race discrimination, (3) Title VII retaliation, (4) Equal Pay Act ("EPA") violations, and (5) violations of the Equal Protection Clause, the Due Process Clause, and the Fourth Amendment. At the Rule 12(b)(6) stage, the district court dismissed claims (1), (3), and (5) in whole or in part. **ROA.400–01.** The remaining claims proceeded to discovery. During discovery, a magistrate judge granted in part and denied in part Sacks's motion to compel. **ROA.769–71.** The district court also denied Sacks's motion to amend her complaint (for the third time). **ROA.2472 n. 1.** Then the district court granted summary judgment on claims (2) and (5). **ROA.2500.** Finally, Sacks's EPA claim (4) proceeded to trial. There, the jury found for TSU. **ROA.3464–77.** Sacks moved for a jury investigation and new trial. **ROA.3570–92; ROA.3622–38.** The district court denied both motions. **ROA.3645–53; ROA.3653–54.**

We have fully reviewed the district court's orders dismissing Sacks's Title VII claims (1), (2), and (3); her constitutional claims (5); and its denial of Sacks's motions for leave to amend her complaint, jury investigation, and new trial. As to those orders, we affirm for substantially the reasons given by the district court. We have also reviewed the partial denial of Sacks's motion to compel and find no abuse of discretion. *See Wiwa v. Royal Dutch Petroleum Co.*, 392 F.3d 812, 817 (5th Cir. 2004) (citation omitted); *see also Crosby v. La. Health Servs. & Indem. Co.*, 647 F.3d 258, 261 n. 1 (5th Cir. 2011) (applying

---

[†] She also raised a claim under Texas state law for invasion of privacy. The district court dismissed that claim under Rule 12(b)(6). Sacks did not appeal that dismissal, so we do not discuss that claim further.

No. 22-20474

abuse of discretion review to a magistrate's discovery decision where the plaintiff timely challenged that decision below).

AFFIRMED.