# United States Court of Appeals for the Fifth Circuit

―――――――――

No. 25-10407
Summary Calendar

―――――――――

United States Court of Appeals
Fifth Circuit

**FILED**
September 19, 2025

Lyle W. Cayce
Clerk

Anthony Jackson,

*Plaintiff—Appellant*,

*versus*

S2 Residential,

*Defendant—Appellee*.

―――――――――――――――――――――

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:22-CV-2852

―――――――――――――――――――――

Before Jones, Richman, and Ramirez, *Circuit Judges*.

Per Curiam:[*]

Anthony Jackson moves for leave to proceed in forma pauperis (IFP) in his appeal of the summary judgment in favor of S2 Residential in this civil action filed under the Fair Housing Act (FHA), 42 U.S.C. §§ 3601-3619. The district court granted S2 Residential's motion for summary judgment and denied Jackson's cross-motion for summary judgment. On appeal,

―――――――――――――――――

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 25-10407

Jackson filed an appellant's brief and S2 Residential filed an appellee's brief before briefing was suspended pending the disposition of the IFP motion.

To proceed IFP, Jackson must demonstrate financial eligibility and a nonfrivolous issue for appeal. *See Jackson v. Dall. Police Dep't*, 811 F.2d 260, 261 (5th Cir. 1986); *see also* 28 U.S.C. § 1915(a)(1), (3); Fed. R. App. P. 24(a)(1), (5). A nonfrivolous issue "involves legal points arguable on their merits." *Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983) (internal quotation marks and citations omitted). If Jackson makes such a showing, we may grant the motion or, "in cases where the merits are so intertwined with the certification decision as to constitute the same issue," we may dispense with further briefing and determine the merits of the appeal. *Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

Jackson has submitted a financial affidavit demonstrating that he is financially eligible to proceed IFP on appeal. *See Adkins v. E.I. DePoint de Nemours & Co.*, 335 U.S. 331, 339-40 (1948). He has also shown a nonfrivolous issue for appeal. *See Howard*, 707 F.2d at 220. Accordingly, we GRANT his IFP motion. *See Jackson*, 811 F.2d at 261. Given that "the merits are so intertwined with the certification decision as to constitute the same issue," we DISPENSE with further briefing and determine the merits of the appeal. *Baugh*, 117 F.3d at 202.

First, Jackson argues that the district court erred in granting S2 Residential's summary judgment motion without requiring it to respond to his discovery motions. We review a court's decision concerning discovery for abuse of discretion. *Crosby v. La. Health Serv. & Indem. Co.*, 647 F.3d 258, 261 (5th Cir. 2011). Jackson has not shown error in the denial of his discovery motions because he did not confer with opposing counsel as required by the court's local rules or refile his motions after the district court denied them without prejudice. *See id.*

2

No. 25-10407

We generally review the grant of summary judgment de novo. *Dillon v. Rogers*, 596 F.3d 260, 266 (5th Cir. 2010). Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FED. R. CIV. P. 56(a). "A court considering a motion for summary judgment must consider all facts and evidence in the light most favorable to the nonmoving party." *Haverda v. Hays Cnty.*, 723 F.3d 586, 591 (5th Cir. 2013). "However, to avoid summary judgment, the non-movant must go beyond the pleadings and come forward with specific facts indicating a genuine issue for trial." *LeMaire v. La. Dep't of Transp. & Dev.*, 480 F.3d 383, 387 (5th Cir. 2007).

With liberal construction, Jackson argues that he was assigned to a pest-infested apartment and that his housing application for a pest-free apartment was effectively denied even though S2 Residential had over 100 other renovated apartments. The district court granted S2 Residential's motion for summary judgment based on, among other things, Jackson's failure to allege that his application for housing was denied. *Cf. Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 910 (5th Cir. 2019). Because rejection of a housing application is an element of a disparate treatment claim under the FHA, the district court construed Jackson's complaint as raising only a disparate impact claim. However, we "may affirm a summary judgment on any ground supported by the record, even if it is different from that relied on by the district court." *See Sheet Pile, L.L.C. v. Plymouth Tube Co., USA*, 98 F.4th 161, 165 (5th Cir. 2024) (internal quotation marks and footnote citation omitted).

S2 Residential argued that Jackson could not produce admissible evidence to support his assertion that his apartment was pest-infected at the time he rented it. *See* FED. R. CIV. P. 56(c)(1)(B). The summary judgment evidence Jackson relied on to support a disparate treatment claim, such as his verified responses to the magistrate judge's questionnaire and

S2 Residential's interrogatory answers, falls short of establishing a genuine dispute of material fact concerning whether the apartment Jackson rented was pest-infested at the time he rented it, rather than developing a pest problem later. *See LeMaire*, 480 F.3d at 387. Further, even with liberal construction, Jackson has not briefed any argument that the district court erroneously failed to consider a constructive eviction claim. *See Yohey v. Collins*, 985 F.2d 222, 224-25 (5th Cir. 1993); *see also Clark v. City of Alexandria*, 116 F.4th 472, 483 n.19 (5th Cir. 2024), *cert. denied*, 145 S. Ct. 1331 (2025); *cf. Cox v. City of Dall.*, 430 F.3d 734, 742 n.21, 746 n.37 (5th Cir. 2005) (contemplating the potential viability of such claims).

With respect to his claim that S2 Residential violated the FHA by requiring him to pay a larger security deposit, Jackson did not cite record evidence supporting his contention that other tenants paid lower security deposits. *See LeMaire*, 480 F.3d at 387. Even if he had, S2 Residential submitted evidence that it required him to pay the particular security deposit because of his credit score, and Jackson did not attempt to show, based on record evidence, that the reason given by S2 Residential was a pretext for discrimination. *See Lincoln Prop. Co.*, 920 F.3d at 910-11.

Jackson alleged that S2 Residential delayed remediating the pest problem. This claim is not actionable because the FHA focuses on the availability of housing. *See Texas Dep't of Hous. & Cmty. Affairs v. Inclusive Communities Project, Inc.*, 576 U.S. 519, 524, 533 (2015); *see also Crain v. City of Selma*, 952 F.3d 634, 640-41 (5th Cir. 2020); *Lincoln Prop. Co.*, 920 F.3d at 910-11.

With liberal construction, Jackson also argues that the district court erred in granting summary judgment in favor of S2 Residential on his disparate impact claim. Because Jackson did not present any competent summary judgment evidence showing that S2 Residential had a challenged

policy or practice that caused a discriminatory effect, he has not shown that the district court erred in granting summary judgment in favor of S2 Residential on this claim. *See Lincoln Prop. Co.*, 920 F.3d at 906-08; *see also Inclusive Communities Project, Inc. v. Tex. Dep't of Hous. & Cmty. Affairs*, 747 F.3d 275, 282 (5th Cir. 2014), *aff'd*, 576 U.S. 519 (2015).

Because Jackson has failed to show error in the district court's summary judgment in favor of S2 Residential, we AFFIRM the district court's ruling. *See Dillon*, 596 F.3d at 266; *see also Sheet Pile, L.L.C.*, 98 F.4th at 165. Jackson's outstanding motions for sanctions and default judgment and for an expedited ruling on his IFP motion are DENIED.