# United States Court of Appeals
# for the Fifth Circuit

No. 25-60438
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
March 11, 2026

Lyle W. Cayce
Clerk

Michael Lee Jordan,

*Plaintiff—Appellant*,

*versus*

John Doe,

*Defendant—Appellee.*

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 1:23-CV-190

Before Smith, Haynes, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Michael Lee Jordan, Mississippi prisoner # 34318, moves for leave to proceed in forma pauperis (IFP) in this appeal of the district court's dismissal of his 42 U.S.C. § 1983 claims against various unnamed "John Doe" defendant(s) and the closing of his case. The motion is a challenge to

---

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

the district court's certification that the appeal is not taken in good faith. *See Baugh v. Taylor*, 117 F.3d 197, 202 (5th Cir. 1997).

In his IFP pleadings, Jordan contends that he failed to comply with the court's orders to identify the John Doe defendant(s) because the court erroneously denied his three motions to appoint counsel and his motion to compel the defendants to comply with his discovery requests. He appears to assert that, had those motions been granted, he would have been able to identify the John Doe defendant(s).

As to his challenge to the district court's denial of his motions to appoint counsel, Jordan fails to raise a nonfrivolous argument that extraordinary circumstances justified the appointment of counsel. *See Cupit v. Jones*, 835 F.2d 82, 86 (5th Cir. 1987). Aside from his conclusional and unsupported allegations, he has failed to demonstrate that the case was factually complex or that he was incapable of adequately presenting it. *See Baranowski v. Hart*, 486 F.3d 112, 126 (5th Cir. 2007).

As to his challenge to the district court's denial of his motion to compel, the district court followed the procedure set forth in this court's precedent when it stayed discovery until such time that it ruled on named defendants'—Russell Houston and John Hunt—entitlement to sovereign and qualified immunity, as raised in their motion for summary judgment. *See Backe v. LeBlanc*, 691 F.3d 645, 648 (5th Cir. 2012). Jordan's conclusional assertion that he was entitled to discovery to learn the identities of the John Doe defendant(s) does not address this court's authority governing the availability of discovery when a defense of qualified immunity has been raised but not yet been addressed. Accordingly, he fails to demonstrate that the denial of his motion to compel—and the granting of Houston and Hunt's motion for protective order—was an arguable abuse of discretion. *See Crosby v. Louisiana Health Serv. and Indem. Co.*, 647 F.3d 258, 262 (5th Cir. 2011).

No. 25-60438

Based on the foregoing, we conclude that the appeal lacks arguable merit. *See Howard v. King*, 707 F.2d 215, 220 (5th Cir. 1983). Accordingly, the motion for leave to proceed IFP is DENIED, and the appeal is DISMISSED as frivolous. *See Baugh*, 117 F.3d at 202 n.24; 5TH CIR. R. 42.2. Jordan's motion to incorporate exhibits is likewise DENIED.

This court's dismissal of the appeal as frivolous counts as one strike under 28 U.S.C. § 1915(g). *See Adepegba v. Hammons*, 103 F.3d 383, 387-88 (5th Cir. 1996), *abrogated in part on other grounds by Coleman v. Tollefson*, 575 U.S. 532 (2015). Jordan is WARNED that if he accumulates three strikes, he will no longer be allowed to proceed IFP in any civil action or appeal filed while he is incarcerated or detained in any facility unless he is under imminent danger of serious physical injury. *See* 28 U.S.C. § 1915(g).